1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

Ellis Jerome Swinton, Sr.,

No.CV15-00794-PHX-JJT (DMF)

9
10

Plaintiff,

**REPORT AND RECOMMENDATION**

11

v.

12

Joseph M. Arpaio, et al.,

13

Defendants.

14

15

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

16

This matter comes before the Court on the remaining issue, the matter of sanctions,

17

from the motion at Doc. 29 surrounding Plaintiff's refusal to participate in his deposition.

18

Because undersigned is inclined to grant the sanction requested by Defendants pursuant to

19

F.R.Civ.P. 37, this report and recommendation follows.

**I.      Background.**

20

On May 1, 2015, Plaintiff Ellis Jerome Swinton, Sr., who is confined in the

21

Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a pro se civil rights

22

Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma

23

Pauperis.   After dismissal for failure to state a claim and an amended complaint being

24

filed, the Court ordered Defendants Arpaio and Maricopa County to answer Count One of

25

the Amended Complaint involving Plaintiff's extradition from South Carolina (Doc. 10).

26

After properly noticing Plaintiff's deposition (Doc. 11), Plaintiff unilaterally terminated

27

his deposition without giving advance notice to Defendants.   Thus, the Defendants

28

incurred the court reporter's fees for the noticed deposition.   Although after Court Order,

Plaintiff later participated in his rescheduled deposition, Defendants seek as sanction the court reporter costs associated with the canceled deposition.

## II.    Applicable Law.

Undersigned's authority is limited, in this circumstance, to filing a report and recommendation to the District Judge.  LRCiv 72.2 states in part:

> In any motion in which the parties are seeking the sanctions provided for in Rule 37(b)(2)(A), (B), or (c), Federal Rules of Civil Procedure, if the Magistrate Judge is inclined to grant such requests the Magistrate Judge shall be limited to filing a report and recommendation with the District Court; if the Magistrate Judge is inclined to deny any such request, he or she may enter an order thereon.

The County Defendants seek as a sanction against Plaintiff the court reporter costs associated with the cancelled deposition (Docs. 29 and 44).

F.R.Civ.P. 37(d)(3) provides that sanctions for a party's failure to attend its own deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Such sanctions include "directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims . . . , or from introducing designated matters in evidence," "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," "dismissing the action or proceedings in whole or in part," or "rendering a default judgment against the disobedient party."  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(d)(3) further provides that "[i]nstead of or in addition to [the above] sanctions, the court must require a party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." .

Defendants cite *Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23 (D.D.C. 2015), for the proposition that the "central requirement of Rule 37 is that any sanction must be just, which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation." *Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. at 29 (internal quotation marks omitted).  "As such, the

choice of sanction should be guided by the concept of proportionality between offense and sanction." *Id.* (internal punctuation omitted).

Because Plaintiff ultimately participated in the deposition on another date after the Court ordered him to do so and rejected his objections (Docs. 31, 35, 34), Defendants concede that the sanctions listed in F.R.Civ.P. 37(b)(2)(A)(i)-(vi) would be disproportionate to the harm suffered during the cancelled deposition (Docs. 44 at 3). Defendants also do not request any attorneys' fees even though Defendants' attorney was present for the initially noticed deposition (Docs. 29-2, 44).  Instead, Defendants simply seek as a sanction the court reporter charge of $92.90 for the cancelled deposition (Docs. 44, 44-1 which is the court reporter's invoice).

Shifting the cost of the court reporter to Plaintiff is appropriate and proportional, taking into consideration Plaintiff's later participation in the second attempt to take his deposition.  At the time of the first deposition setting, Plaintiff knew that an extension of time to take his deposition had been granted by the Court, but he still refused to participate and even though he had not appealed the order.     (*See* Docs. 21, 29-1). Plaintiff's conduct was unjustified in that he unilaterally cancelled the deposition without notice to Defendants and before even filing an objection to the Magistrate Judge's Order with which he disagreed; Plaintiff did not mail his objection to the Order until June 21, 2016, which was six days after the scheduled deposition (Docs. 28, 29-2).  Further, as Defendants point out, even after his arguments were rejected, Plaintiff continued to press his opposition to the extension of time to take his deposition (*See* Doc. 31, 32).

As argued by Defendants, "[o]n this record, the burden shifts to Swinton to come forward with justifications for his conduct or reasons why shouldering the cost of the court reporter would be unjust.  *See In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig*., 308 F.R.D. 113, 126 (S.D.N.Y. 2015) ('The noncompliant party bears the burden of showing that his failure to comply was justified or that an award of expenses would be unjust.')" (Doc. 44 at 5).  Pursuant to this Court's Order (Doc. 42), the time has run for Plaintiff to respond to Defendants' request for payment of the $92.90 from Plaintiff; Plaintiff has not filed such a response.  The sanction requested by Defendants is appropriate and proportional.

3

Accordingly,

**IT IS HEREBY RECOMMENDED that** the Court grant the relief requested in Doc. 29 (*see also* Doc. 44) and Order Plaintiff to reimburse Defendants $92.90 for the court reporter costs associated with the first noticed deposition of Plaintiff.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 16th day of September, 2016.

Honorable Deborah M. Fine